UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANA JONES,

        Plaintiff,

vs.

PRUDENTIAL SECURITY, INC.,

        Defendant.
_____/

Case No. 18-11960
Hon. Mark A. Goldsmith

**OPINION & ORDER
(1) DENYING AS MOOT DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY (Dkt. 43); (2) DENYING DEFENDANT'S REQUEST FOR COSTS AND FEES (Dkt. 43); AND (3) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION IN LIMINE (Dkt. 46)**

Briana Jones alleges that she was sexually harassed by a coworker while she was employed by Defendant Prudential Security, Inc. and that her employment was terminated after she reported the incident. She has filed a complaint alleging discrimination based on sex and retaliation in violation of Title VII and the Elliott Larsen Civil Rights Act. This matter is presently before the Court on Prudential's motion in limine seeking (i) to exclude the testimony of an untimely-disclosed witness, Alexa Moore; and (ii) to recover costs and fees associated with bringing this motion (Dkt. 43). This matter is also before the Court on Jones's motion in limine seeking (i) to exclude the testimony of an untimely-disclosed witness, Donald Tremmel, and the untimely-produced text messages involving Tremmel; (ii) to exclude the testimony of an untimely-disclosed witness, Olivia Keywell; and (iii) the Court's approval of a spoliation instruction regarding Prudential's failure to preserve emails and electronic notes sent by Gerald Collins to Matthew Keywell regarding Jones's sexual harassment allegations and Prudential's investigation thereof

(Dkt. 46).[1] For the following reasons, the Court denies as moot Prudential's motion in limine as to Prudential's request to exclude Moore's testimony and denies Prudential's request for attorney's fees and costs. Further, the Court grants in part and denies in part Jones's motion in limine.

## I. STANDARD OF DECISION

**A. Exclusion of Exhibits and Witnesses**

Under section IV.B.6(g) of this Court's case management and scheduling order ("CMO") (Dkt. 12), "[e]xcept as permitted by the Court for good cause, a party may not list a witness [in the joint final pretrial order ("JFPO")] unless the witness was included on a timely filed witness list . . . ." CMO, Sec. IV.B.6(g). Further, under Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

A failure is "substantially justified" if it is justified to a degree that could satisfy a reasonable person. Pierce v. Underwood, 487 U.S. 552, 565 (1988). A failure is "harmless" if it "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." Sommer v. Davis, 317 F.3d 686, 692 (6th Cir. 2003) (internal quotation marks and citation omitted). To determine whether a party's omitted or late disclosure is substantially justified or harmless, courts consider the five factors set forth in Howe v. City of Akron:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

801 F.3d 718, 748 (6th Cir. 2015) (citation omitted). However, "[d]istrict courts have broad discretion in applying these factors and need not apply each one rigidly." Bisig v. Time Warner

---

[1] Because Olivia Keywell and Matthew Keywell share the same last name, the Court refers to each of these individuals by their first names.

Cable, Inc., 940 F.3d 205, 219 (6th Cir. 2019) (internal quotation marks and citation omitted). "The factors simply lend themselves to the task at the heart of Rule 37(c)(1): separating 'honest,' harmless mistakes from the type of 'underhanded gamesmanship' that warrants the harsh remedy of exclusion." Id. (internal quotation marks and citation omitted).

Rule 37(c)(1) "requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" Roberts v. Galen of Virginia, Inc., 325 F.3d 776, 782 (6th Cir. 2003) (citations omitted). "The party seeking to invoke the preclusion sanction of Rule 37(c)(1) must first prove that the opposing party violated Rule 26(a) or (e) . . . ." Champion Food Servs., LLC v. Vista Food Exchange, Inc., No. 13-1195, 2016 WL 4468000, at *16 (N.D. Ohio Aug. 23, 2016) (internal quotations marks, brackets, and citation omitted). If the moving party establishes that the nonmovant did not comply with its discovery obligations under Rule 26, the burden shifts to the non-moving party to show that the violation of Rule 26 was substantially justified or harmless. Roberts, 325 F.3d at 782.

### B. Spoliation Instruction

"'Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'" Forest Labs., Inc. v. Caraco Pharm. Labs., Ltd., No. 06-CV-13143, 2009 WL 998402, at *1 (E.D. Mich. Apr. 14, 2009) (quoting West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999)). "[S]poliation is not a substantive claim or defense but a 'rule of evidence,' and thus is 'administered at the discretion of the trial court.'" Id. (quoting Hodge v. Wal-Mart Stores, Inc., 360 F.3d 446, 450 (4th Cir. 2004)). Federal law governs spoliation sanctions in all federal court cases. See Adkins v. Wolever, 554 F.3d 650, 652 (6th Cir. 2009) (en banc). A party seeking an adverse inference instruction based on the destruction of evidence has the burden of establishing

3

that (i) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (ii) the evidence was destroyed with a "culpable state of mind"; and (iii) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense. See Adkins v. Wolever, 692 F.3d 499, 503-504 (6th Cir. 2012) (citation omitted).

## II. DISCUSSION

### A. Alexa Moore

Pursuant to the parties' proposed JFPO, Jones intends to call Moore in Jones's "case-in-chief or as a rebuttal witness concerning her investigation and efforts to achieve conciliation in this matter and her interviews of witnesses from Prudential Security." Prudential argues the Court should exclude Moore's testimony for two reasons. First, Jones did not include Moore on her witness list; rather, Jones did not disclose Moore as a witness until the JFPO, months after discovery closed. Def. Mot. in Limine ("MIL") at 1-2. Second, Moore's testimony on conciliation efforts violates Federal Rule of Evidence 408(a), which generally prohibits the introduction of statements made during compromise negotiations, unless introduced for one of the limited purposes set forth in Rule 408(b). Id. at 2. In her response brief, Jones makes the uncompelling argument that her disclosure of Moore was not untimely because her witness list included a generic category described as "[w]itnesses disclosed in discovery not listed above." Pl. Resp. to Def. MIL at 2 (Dkt. 49).

Because Jones did not expressly disclose Moore as a witness in her witness list, or otherwise disclose Moore as a witness before the close of discovery, her eventual disclosure of Moore as a witness was untimely. See Fed. R. Civ. P. 26(a), (e); CMO at 8. Further, Jones has not provided a satisfactory reason to excuse the untimeliness of the disclosure. However, during a telephonic conference held on February 25, 2021, Jones's counsel represented that she will only

4

call Moore as a rebuttal witness. Non-expert rebuttal witnesses are not within the scope of Rule 26(a), meaning that they need not be included in a party's disclosures required by Rule 26(a) or (b). Shadrick v. Southern Health Partners, Inc., No. 4:11-CV-00033, 2016 WL 4555611, at *18 (W.D. Ky. Aug. 31, 2016) (citation omitted). Further, with respect to the conciliation process, Jones will only elicit testimony for purposes expressly permitted by Rule 408(b). Id.

Accordingly, the Court denies as moot Prudential's motion in limine as to Prudential's request to exclude Moore's testimony. Jones may call Moore only as a rebuttal witness and may not elicit any testimony from Moore for purposes prohibited by Rule 408(a).

**B. Olivia Keywell**

Prudential failed to disclose Olivia as a witness in its witness list. Rather, Prudential did not disclose her as a witness until the JFPO. As a result, Prudential's disclosure of Olivia as a witness was untimely. To call her as witness, Prudential must establish "good cause" under the CMO for the failure to include her name on its initial witness list and show, under Rule 37, that the failure was substantially justified or harmless.

Prudential argues that Jones was on notice of Olivia's existence because (i) during discovery, Prudential produced Jones's personnel file, which included Jones's separation form completed and signed by Olivia, and (ii) during his deposition, Collins identified the "few ladies in the office" who were responsible for maintaining Prudential's files as "Olivia, Pam, and Tabitha." See Def. Resp. to Pl. MIL at 2 (Dkt. 48).

Neither argument is persuasive. First, the fact that a witness's name appeared in one of the multiple documents that Prudential produced during written discovery does not excuse Prudential's failure to include the individual in its witness list or in a supplementary response to its Rule 26(a) disclosures. See, e.g., Ross v. Am. Red Cross, No. 2:09-cv-00905, 2012 WL 2004810, at *10 (S.D. Ohio Jun. 5, 2012) (precluding plaintiff from calling a witness to testify at

5

trial, even though the plaintiff produced documents containing the witness's signature as the preparer of the documents two weeks before the discovery deadline, because the record revealed the plaintiff had ample time to amend her Rule 26(a) disclosures to identify the witness before the discovery deadline). As to Prudential's second argument, it would be unreasonable to treat Collins's single mention of "Olivia" as sufficient to put Jones on notice that Prudential planned to rely on Olivia's testimony at trial.

Because Prudential has failed to provide a satisfactory explanation for its untimely disclosure of Olivia as a witness, Jones's motion in limine is granted as to her request to exclude Olivia's testimony.

### C. Donald Tremmel

#### i. Testimony

Jones argues that Prudential did not (i) identify Tremmel in its Rule 26(a) disclosures as someone likely to have discoverable information or (ii) identify Tremmel in response to Jones's interrogatories asking Prudential to identify all supervisors who oversaw Jones's employment at Prudential. Pl. MIL at 2, 4. Jones further argues that Prudential never supplemented its Rule 26(a) disclosures or interrogatory responses to disclose Tremmel. Id. However, Prudential disclosed Tremmel as a witness—albeit with his name misspelled as "Donald Trammell"—in its witness list timely filed on February 22, 2019 (Dkt. 15). That list was filed some three weeks before the close of discovery, giving Jones a reasonable opportunity to engage in further discovery regarding Tremmel. Prudential's failure to list him in earlier disclosures or discovery responses was harmless. Accordingly, to the extent Jones seeks to exclude Tremmel's testimony in its entirety, Jones's motion is denied.

#### ii. Text Messages

During discovery, Jones sought production of documents relating to, among other things, her employment with Prudential, the investigation of her sexual harassment complaint, and any documents that Prudential may rely on at trial. Pl. MIL at 4. Prudential produced documents in response. Id. at 5. Fact discovery closed on March 15, 2019. See CMO at 1. In a letter dated March 15, 2019, defense counsel produced "supplemental discovery documents" including the text messages from Tremmel. Tremmel Texts, Ex. 8 to Pl. MIL (Dkt. 46-8). Jones's counsel did not receive this letter or the enclosed supplemental discovery documents until April 1, 2019. Pl. MIL at 6. Jones argues that Prudential failed to produce the texts in a timely manner because the supplementary production containing the texts was not sent until March 15, 2019—the day that fact discovery closed. Prudential argues that it did not violate Rule 37(c)(1) because it did not outright fail to produce the texts but, rather, "supplemented the discovery when the text messages were located." Def. Resp. to Pl. MIL at 4. Prudential provides no explanation as to why the texts were not located until the very last day of discovery.

Rule 26(e) requires parties to supplement all discovery productions and responses "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e) "was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." Thomas v. McDowell, No. 2:10-cv-152, 2014 WL 5305501, at *1 (S.D. Ohio Oct. 15, 2014) (internal quotation marks and citation omitted). Thus, the purpose of Rule 26(e) is "effectively frustrated" when a party makes supplemental disclosures on a timeline that causes the opposing party to be "denied the opportunity to conduct discovery on the supplemented responses." Id. at *3 (internal quotation marks and citation omitted). As a result, courts have held that supplemental disclosures made right at the close of discovery are untimely under Rule 26(e). See, e.g., Gomez v. Haystax Technology, Inc., 761 F. App'x 220, 230 (4th Cir. 2019) (affirming district court's decision to exclude evidence contained

7

in supplemental responses made on the final day of discovery, which were "produced in the eleventh hour of discovery," although they could have been included in an earlier disclosure, thereby violating Rule 26(e)).

By failing to send its supplemental production until the very last day of discovery, Prudential deprived Jones of the opportunity to conduct discovery on Tremmel's texts. Moreover, the supplemental production was sent via mail, leading Jones's counsel to not receive it until over two weeks after the close of discovery. And though Prudential represents that it sent the supplemental production "when the text messages were located," it provides no reason why these texts, which were sent in August and September 2016, could not have been discovered and included in its earlier productions. Accordingly, the Court finds that Prudential failed to produce Tremmel's texts in a timely manner, in violation of Rule 26(e).

Prudential has failed to show that this violation of Rule 26(e) was substantially justified or harmless. Prudential argues that its failure is harmless because "[t]he text messages are essentially only confirming what Plaintiff is already admitting." Def. Resp. to Pl. MIL at 4-5. But if the text messages merely confirm what Plaintiff has admitted to, they would be entirely cumulative and excludable from the trial on that basis. See Fed. R. Evid. 403 (otherwise relevant evidence can nevertheless be excluded if needlessly cumulative). On the other hand, if Prudential intends to use them for some other purpose, then Jones has been clearly prejudiced.

For these reasons, Jones's motion in limine is granted as to her request to exclude Tremmel's text messages. Prudential may not introduce these text messages, nor elicit testimony regarding these text messages, in its case-in-chief at trial.

### D. Spoliation Instruction

Collins was Prudential's operations manager assigned to the work site location where Jones was allegedly sexually harassed. Jones reported the sexual harassment to Collins. After Jones's

employment was terminated on September 7, 2016, Matthew, Prudential's owner, attempted to investigate Jones's sexual harassment allegations. During Collins's deposition, he testified that in August or September 2016, he created electronic documents related to Jones's sexual harassment allegations and Prudential's investigation and sent these materials to Matthew. Pl. MIL at 5-6.

According to Jones, her counsel notified Matthew of Jones's potential claims on September 23, 2016. Id. at 2. Despite this notice, Jones argues, Prudential failed to preserve "the emails and electronic notes that Collins took and sent to [Matthew] Keywell concerning Plaintiff's sexual-harassment claim and summarizing Collins's interviews with witnesses" as well as "Collins's and [Matthew] Keywell's email communications concerning the investigation." Id. at 11. Prudential does not dispute that it failed to preserve these emails and electronic notes. Instead, Prudential argues that "Plaintiff has not shown or demonstrated malice or any level of intent in this case." Def. Resp. to Pl. MIL at 6. According to Prudential, Matthew's emails are deleted "as a matter of course" within a few weeks of being sent. Id. at 7 (referencing Matthew's deposition testimony).

The Court agrees with Prudential that Jones has failed to carry her burden in establishing that Prudential destroyed Collins's emails and electronic notes regarding Jones's sexual harassment allegation and the investigation thereof with the requisite "culpable state of mind." As a result, Jones's motion in limine is denied as to her request for the Court's approval of a spoliation instruction. However, Jones is free to explore this issue through the questioning of witnesses and argument to the jury that they should draw an adverse inference from the fact that Prudential failed to preserve these documents. See Claudio v. Mattituck-Cutchogue Union Free School Dist., 955 F. Supp. 2d 118, 150 (E.D.N.Y. 2013) ("Although the Court denied plaintiff's spoliation motion, . . . plaintiff's counsel was free to argue that the failure to retain [the subject evidence] was intentional by the District, and that some adverse inference against the defendant should be drawn from that fact by the jury.").

### E. Costs and Fees

Prudential requests that the Court award it costs and fees associated with its motion in limine. If a nonmovant fails to identify a witness as required by Rule 26(a) or (e), the Court may, in its discretion, "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A). This sanction may be "in addition or instead of" the sanction of not allowing the nonmovant to use the witness to supply evidence at trial. Fed. R. Civ. P. 37(c)(1). "A court need not assess sanctions where both parties are at fault for discovery violations"; rather, in such instances, the Court may require each party to bear the costs of their own motions for sanctions. McKinstry v. Ikon Office Solutions, Inc., No. 05-3119, 2006 WL 8432450, at *11-12 (N.D. Ga. Aug. 10, 2006) (citing Anderson v. Beatrice Foods Co., 900 F.2d 388, 395 (1st Cir. 1990); Many Amazing Ideas, Inc. v. Drybranch, Inc., No. 91-4822, 1992 WL 88182 at *2 (S.D.N.Y. Apr. 20, 1992); Ehret v. New York City Dept. of Soc. Servs., 102 F.R.D. 90, 92-93 (E.D.N.Y. 1984)).

Although Prudential had to file its motion in limine to exclude the testimony of Moore, whom Jones plainly failed to timely disclose as a witness, Jones likewise had to file her motion in limine to exclude the testimony of Olivia, whom Prudential plainly failed to timely disclose as a witness. Further, Jones had to file her motion in limine to exclude Collins's text messages, which were untimely produced. As a result, Prudential is at least as culpable as Jones for the evidentiary disputes resulting from the untimely disclosure of witnesses and information in this case. For this reason, the Court finds it inappropriate to award Prudential an additional sanction of attorney's fees and costs. Accordingly, Prudential's motion in limine is denied as to its request for attorney's fees and costs.

### III. CONCLUSION

In summary, the untimely-disclosed witnesses, Alexa Moore and Olivia Keywell, will not be permitted to testify at trial in either party's case-in-chief. Because Prudential timely disclosed Donald Tremmel as a potential witness, Tremmel may testify at trial. However, because Prudential did not produce Tremmel's text messages in a timely manner, Prudential may not introduce these text messages, or testimony regarding these text messages, at trial. The Court declines to give the jury a spoliation instruction regarding Collins's missing emails and electronic notes. Finally, the Court declines to award Prudential the costs and fees associated with bringing its motion.

Accordingly, Prudential's motion in limine (Dkt. 43) is denied as moot as to Prudential's request to exclude Moore's testimony and denied as to Prudential's request for attorney's fees and costs. Jones's motion in limine (Dkt. 46) is granted in part and denied in part.

SO ORDERED.

Dated: March 23, 2021　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge