UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANA JONES,

                Plaintiff,                        Case No. 18-11960
                                                  Hon. Mark A. Goldsmith

vs.

PRUDENTIAL SECURITY, INC.,

                Defendant.

_____/

## MEMORANDUM OPINION AND ORDER REGARDING JURY INSTRUCTIONS

### I.  INTRODUCTION

In this action involving federal and state claims for sexual harassment and retaliation, the parties submitted proposed jury instructions to the Court.  Although the parties agreed as to most of the instructions, there was some disagreement, particularly concerning the McDonnell Douglas burden-shifting framework, mitigation of damages, business judgment, punitive damages, and the causation element of the retaliation claims.  The Court orally ruled on the proposed jury instructions during trial proceedings held on April 12, 13, and 14, 2021.  The Court now sets forth its rulings in writing.  The Court instructed the jury in accordance with the rulings contained in this opinion.

### II.  ANALYSIS

A trial court has broad discretion in drafting jury instructions and does not abuse its discretion unless the jury charge "'fails accurately to reflect the law.'"  United States v. Layne, 192 F.3d 556, 574 (6th Cir. 1999) (quoting United States v. Busacca, 863 F.2d 433, 435 (6th Cir. 1988)).  Moreover, no single provision of the jury charge may be viewed in isolation; rather, the

charge must be considered as a whole.  See United States v. Lee, 991 F.2d 343, 350 (6th Cir. 1993).

A judgment is reversible based upon an improper jury instruction "'only if the instructions, viewed

as a whole, were confusing, misleading, or prejudicial.'"  United States v. Harrod, 168 F.3d 887,

892 (6th Cir. 1999) (quoting Beard v. Norwegian Caribbean Lines, 900 F.2d 71, 72-73 (6th Cir.

1990)).

        This opinion addresses in turn the Court's rulings on (i) the issues regarding the proposed

instructions concerning (a) the McDonnell Douglas burden-shifting framework, (b) mitigation, (c)

business judgment, (d) punitive damages, and (e) the causation element of the retaliation claims;

as well as (ii) the remaining proposed instructions, which were agreed-to by both parties.

### A.  McDonnell Douglas Burden-Shifting Framework

        Defendant Prudential Security, Inc. sought to include the McDonnell Douglas burden-

shifting framework in the jury instructions defining the elements of the claims and, relatedly,

objected to certain of Plaintiff Briana Jones's proposed jury instructions that did not incorporate

the McDonnell Douglas burden-shifting framework.

        The Court exercised its discretion to exclude the McDonnell Douglas burden shifting

framework from the jury instructions in light of the Sixth Circuit's clear mandate that "it is

normally inappropriate to instruct the jury on the McDonnell Douglas analysis . . . ."  Brown v.

Packaging Corp. of Am., 338 F.3d 586, 593 (6th Cir. 2003).  As the Sixth Circuit has explained,

"the McDonnell Douglas opinion was not written as a prospective jury charge" and, further, the

"order and allocation of proof" established by McDonnell Douglas "are not matters for which

juries are responsible."  Id. at 591 (internal quotation marks and citation omitted); see also Kitchen

v. Chippewa Valley Schs., 825 F.2d 1004, 1012 (6th Cir. 1987) ("The fact that the court did not

instruct the jury on the shifting burdens . . . is not erroneous because the jury's proper concern was

with the ultimate question of retaliation and not with the potentially confusing shifting of evidentiary burdens.") (citation omitted).  Further, the instructions proposed by Jones, which did not incorporate the <u>McDonnell Douglas</u> burden-shifting framework, were clear and preferable statements of the law.  <u>See</u> <u>Beard v. AAA of Mich.</u>, 593 F. App'x 447, 453-454 (6th Cir. 2014) (citing <u>In re Lewis</u>, 845 F.2d 624, 634 (6th Cir. 1988)).

### B.  Mitigation of Damages

The parties each proposed an instruction on the issue of mitigation of damages.  Both instructions were incomplete.  Whereas Prudential's proposed instruction failed to fully explain a plaintiff's duty to mitigate her damages and a defendant's burden to prove the plaintiff's failure to mitigate, Jones's proposed instruction failed to instruct the jury on what to do if they were to find that she failed to mitigate her damages.

The Michigan model jury instruction for mitigation of damages for loss of compensation in the employment discrimination context is a clear and preferable statement of the law, as it instructs the jury on the duty to mitigate, the burden to prove a failure to mitigate, and how to account for a failure to mitigate in calculating damages.  <u>See</u> Mich. M Civ JI 105.41.  The Court directed the parties to confer regarding this model jury instruction.  After conferring, the parties agreed to use the language from this model jury instruction in place of their proposed jury instructions on mitigation.  The Court, accordingly, used the model jury instruction—rather than the parties' proposed instructions—to instruct the jury on mitigation.

### C.  Business Judgment

Prudential proposed a jury instruction on business judgment.  Jones objected to this proposed instruction as irrelevant and potentially confusing, as it could lead jurors to believe that business judgment is a permissible basis for discrimination.  On April 13, 2021, Prudential

withdrew its proposed instruction on business judgment.  The Court, therefore, did not instruct the jury on business judgment.

### D.  Punitive Damages

Jones proposed a jury instruction on punitive damages.  Before trial, Prudential objected to this instruction on the basis that there would be no evidence to suggest that Prudential engaged in conduct that could give rise to punitive damages.  But, after Jones rested her case, Prudential did not re-urge its objection.  The parties thus ostensibly agreed for the jury to be instructed on punitive damages.

However, the Court noted that Jones's instruction failed to distinguish between her federal claims, brought under Title VII of the Civil Rights Act of 1964, and her state law claims, brought under Michigan's Elliott-Larsen Civil Rights Act (ELCRA).  Whereas Title VII permits punitive damages, see 42 U.S.C. 1981a(b)(3), the ELCRA does not, see Gilbert v. DaimlerChrysler Corp., 470 Mich. 749, 685 N.W.2d 391 (2004) (citing ELCRA, Mich. Comp. Laws § 37.2801(3)).  To ensure that instruction on punitive damages accurately reflected the law, the Court modified Jones's proposed jury instruction on punitive damages to specify that punitive damages could only be awarded if the jury found in favor of Jones on either or both of her federal claims.  The parties approved of this modification.

### E.  Causation

Jones proposed a jury instruction on the elements of her federal and state retaliation claims which provided, in pertinent part, that "to establish a causal connection, Plaintiff must demonstrate that her complaining about sexual harassment was a significant factor in the defendant's adverse employment action."  Although not raised as an issue by the parties, the Court noted that the Sixth Circuit has acknowledged that, whereas Michigan courts use the "significant factor" standard for

causation in retaliation claims, federal courts use the "but for" standard for causation in retaliation claims. See Mickey v. Zeidler Tool and Die Co., 516 F.3d 516, 523 n.2 (6th Cir. 2008). At the same time, a Sixth Circuit panel has also observed that "a side-by-side reading of Title VII's and ELCRA's retaliation provisions suggests similarity, not difference, in the statutes' causation requirements." Beard v. AAA of Michigan, 593 F. App'x. 447, 452 (6th Cir. 2014). Similarly, Michigan court have, at times, equated the two standards. See Hensley v. Botsford Gen. Hosp., No. 323805, 2016 WL 146355, at *6 (Mich. Ct. App. Jan. 12, 2016) (noting the "result would be the same under either standard"); Thompson v. Dep't of Corr., No. 319668, 2015 WL 1261539, at *5 (Mich. Ct. App. Mar. 19, 2015) (citing but-for causation as an example of significant factor causation).

The Court instructed the parties to confer regarding the causation instruction. After conferring, Jones represented that she was amenable to giving either a causation instruction that distinguished between the federal and state causation standards or a causation instruction that did not distinguish between the two standards. Prudential requested a causation instruction that distinguished between the two standards. As a result, both parties agreed to an instruction that set forth the separate causation standards. Accordingly, when instructing the jury on the elements of Jones's retaliation claims, the Court instructed the jury on the causation standard for Jones's federal retaliation claim as well as the causation standard for Jones's state retaliation claim.

### F. Remaining Instructions

The parties had no disagreements concerning the remaining instructions. The Court made minor modifications to these remaining instructions, which were largely designed to provide additional instructions regarding the Zoom format of the trial. Neither party had any objections to these modifications.

### III.  CONCLUSION

Based on the foregoing, the Court instructed the jury as detailed above.

SO ORDERED.

Dated:  April 15, 2021                   s/Mark A. Goldsmith
       Detroit, Michigan              MARK A. GOLDSMITH
                                  United States District Judge