UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANA JONES,

      Plaintiff,

vs.

PRUDENTIAL SECURITY, INC.,

      Defendant.
_____/

Case No. 18-11960
Hon. Mark A. Goldsmith

## MEMORANDUM OPINION & ORDER REGARDING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE (Dkt. 74)

At the trial in this sexual harassment and retaliation case, Defendant Prudential Security, Inc. asked the Court—after the close of proofs and immediately before closing arguments—to take judicial notice of the minimum wage rate in Michigan. After authorizing the filing of briefs, which it then reviewed, the Court denied the request in a brief oral opinion, which the Court stated would be supplemented by a written one. This opinion explains fully the reasons for declining to take judicial notice.

### I. BACKGROUND

During her case-in-chief, Plaintiff Briana Jones testified, among other things, about the back pay she was requesting as part of her damages. This testimony included information regarding the pay that she received after her employment with Prudential ended in September 2016. In relevant part, Jones testified that in January 2017 she received pay at a rate of $8.50 per hour from a new employer. Jones was briefly questioned about this statement on cross examination. Specifically, she was asked if she knew that minimum wage in Michigan was $8.90 per hour in January 2017. She responded that she did not know this. Jones was also asked whether

her testimony that she received pay $8.50 per hour in January 2017 was inaccurate. Jones answered in the negative.

After three days of testimony by six witnesses—after all proofs had been submitted and both sides had rested—Prudential's counsel orally requested that the Court take judicial notice that the minimum wage in January 2017 was $8.90 per hour, as supposedly established by the official website of the Michigan Department of Labor and Economic Opportunity. Prudential subsequently filed its request for judicial notice in written form on the docket (Dkt. 74). Jones filed a response (Dkt. 75). Although Jones did not directly contest Prudential's assertion that Michigan's minimum wage in January 2017 was $8.90, she nevertheless opposed Prudential's request for judicial notice of such, arguing, primarily, that the January 2017 minimum wage had marginal relevance and that the request was both untimely and highly prejudicial. The Court orally denied Prudential's request for the reasons set forth in greater detail below.

## II. ANALYSIS

Federal Rule of Evidence 201 provides, in relevant part, that a court "<u>may</u> judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2) (emphasis added). At the same time, the rule also provides that a court "<u>shall</u> take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). The Sixth Circuit has explained that, "Although Rule 201 is phrased in mandatory language, courts of appeals review a district court's refusal to take judicial notice for abuse of discretion." <u>Deal v. Hamilton Cnty. Bd. of Educ.</u>, 392 F.3d 840, 852 n.10 (6th Cir. 2004) (citing <u>Toth v. Grand Trunk R.R.</u>, 306 F.3d 335, 349 (6th Cir. 2002)). Consequently, the decision as to whether to take judicial notice of a fact is within the trial court's sound discretion.

2

In this case, the Court declined to exercise its discretion to take judicial notice of the January 2017 minimum wage due to (i) the minimal relevance of the information, (ii) the disputed significance of the evidence, (iii) the untimeliness of the request, and (iv) the unfair prejudice to Jones. Each of these issues is addressed in turn.

A fact is not the proper subject of judicial notice if the notice is sought for a purpose that is "not relevant or necessary to resolve th[e] action." Cece v. Wayne County, 758 F. App'x. 418, 425 (6th Cir. 2018). Similarly, a fact is not the proper subject of judicial notice if "there is considerable dispute over the significance" of the fact. See United States v. Bonds, 12 F. 3d 540, 553 (6th Cir. 1993).

In its brief, Prudential makes no effort to explain the relevance of this information. In counsel's oral argument, Prudential claimed that the information went to the "accuracy" of Jones's testimony regarding her damages. Although not fully spelled out, Prudential apparently was arguing that the loss in pay that Jones suffered for approximately one month following her separation from Prudential was less than what she claimed. If this was Prudential's argument, it suffers from two deficiencies: the evidence was of minimal relevance and its significance was sharply disputed.

Jones sought a minimum of $385,680 in damages, including $24,525 in back pay. Included in the back pay amount was a total of $300, for the period running from October 17, 2016 to February 1, 2017, during which she had worked 40 hours per week at an automotive plant. Prudential sought judicial notice to prove that for one month of that period—January 1, 2017 to February 1, 2017—the minimum wage was $0.40 per hour higher than what Jones testified she was paid. That is, Prudential apparently requested judicial notice of the January 2017 minimum wage to show that Jones was not entitled to $64 of the total damages that she sought. Because $64

3

is a negligible portion of the overall amount of damages that Jones sought, the Court determined that the January 2017 minimum wage was of low relevance to the case.

Jones also strongly disputed that the January 2017 minimum wage information would have any significant bearing on undermining the accuracy of her testimony. She noted that "[w]hat the Michigan Department of Labor and Economic Opportunity says the minimum wage must be hardly constitutes evidence that Ms. Jones was paid any particular amount at any particular time[,]" as it is entirely possible that "Ms. Jones's employer was [not] actually complying with the minimum-wage laws . . . ." Pl. Resp. to Def. Req. at 4 (Dkt. 75). Indeed, the fact that minimum wage may have been $8.90 in January 2017 says little to nothing about whether Jones's employer at the time followed the applicable minimum wage laws. It also says little to nothing as to whether Jones's employer at the time was even required to pay her the Michigan minimum wage of $8.90.[1] Accordingly, the Court concluded that the relevance of the January 2017 minimum wage to the issue of the accuracy of Jones's testimony was highly disputed.

Further, the Court determined that the request was untimely. Although Rule 201 provides that a court may take judicial notice at "any stage of a proceeding," see Fed. R. Evid. 201(d), this does not mean that a court must take judicial notice of a fact at the eleventh hour, after the close of proofs. As Jones points out, she disclosed in the proposed joint final pretrial order submitted by the parties on July 29, 2019—roughly 20 months before the trial in this matter began—that she earned pay at a rate of $8.50 per hour in January 2017. Prudential thus had significant notice of this component of Jones's case and ample opportunity to prepare for it. Jones did not have anywhere near the same notice of Prudential's intent to raise the January 2017 minimum wage

---

[1] Michigan's regular minimum wage does not apply to all employees. See Mich. Comp. Laws § 408.414a-d.

issue. Even in the amended proposed joint final pretrial order, which the parties later submitted on January 11, 2021, Prudential stated only that it "contests that any damages are owed in this case." Prudential did not raise the January 2017 minimum wage issue even obliquely.

Moreover, during trial, Prudential failed to cross examine Jones as to her knowledge regarding whether her employer complied with the minimum wage laws in January 2017. And Prudential did not submit any evidence—including the official website of the Michigan Department of Labor and Economic Opportunity—to counter the amount of damages Jones sought for January 2017 or the accuracy of Jones's testimony regarding her rate of pay. Rather, Prudential waited until after the close of proofs to request judicial notice of the January 2017 minimum wage. As one court aptly stated, "Judicial notice is a process by which a court takes recognition of a fact in the absence of formal proof; it is not a mechanism by which a party may avoid timely and proper objections to evidence that is reasonably available and, which, but for counsel's error, would be subject to introduction and consideration through the normal evidentiary mode." United States v. Neill, 964 F. Supp. 438, 445-446 (D.D.C. 1997).

For similar reasons, the Court determined that taking judicial notice of the January 2017 minimum wage—after all proofs had been submitted and both sides had rested—would unfairly prejudice Jones. Taking judicial notice at that time would have deprived Jones of the opportunity to address the noticed information. Prudential should have explored the significance of the January 2017 minimum wage during trial. If Prudential had done so, the relevance of the January 2017 minimum wage and the admissibility of the official website of the Michigan Department of Labor and Economic Development could have been tested. Jones's counsel would have had the opportunity to probe the information and, if necessary, elicit testimony or submit evidence, such as pay stubs, to establish the accuracy of Jones's testimony regarding her January 2017 pay rate.

5

It would have been unfair to Jones to prejudice her by rewarding Prudential for its slothful behavior. Accordingly, the Court declined to take judicial notice of the January 2017 minimum wage.

## CONCLUSION

Based on the foregoing, the Court denied Prudential's request for judicial notice on the January 2017 minimum wage.

SO ORDERED.

Dated: April 19, 2021             s/Mark A. Goldsmith
       Detroit, Michigan         MARK A. GOLDSMITH
                                      United States District Judge