UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIANA JONES,

      Plaintiff,                              Case No. 18-11960
                                                    Hon. Mark A. Goldsmith

vs.

PRUDENTIAL SECURITY, INC.,

      Defendant.
_____/

## OPINION & ORDER
## GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ENTRY OF ORDER OF JUDGMENT (Dkt. 88)

A trial was held in this action involving federal and state claims for sexual harassment and retaliation. The jury returned a unanimous verdict in favor of Plaintiff Briana Jones on all counts. Jury Verdict Form at 2 (Dkt. 78). In terms of damages, the jury awarded Jones $24,525 in back pay; $61,155 in compensatory damages; and $300,000 in punitive damages, for a total of $385,680. Id. at 3.

Following the trial, Jones filed (i) a motion for attorney fees, costs, and interest (Dkt. 85) and (ii) a motion for entry of order of judgment (Dkt. 88). Jones's proposed order of judgment includes not only the damages awarded by the jury, but also amounts she seeks for attorney fees, costs, and interest. See Jones Proposed Order (Dkt. 88-1). Defendant Prudential Security, Inc. does not dispute that the form of the order of judgment should reflect the jury's verdict. Resp. to Mot. for Entry Judgment at 5–6 (Dkt. 93). However, Prudential argues that (i) the order of judgment should not include attorney fees, costs, and interests because the jury's verdict did not make an award for such items, and (ii) the Court has not ruled on Jones's motion for attorney fees,

costs, and interest.  Id. at 2–3.  In her reply, Jones states that she has no objection to the Court entering an order of judgment based on the jury's verdict alone.  Reply at 2 (Dkt. 95).  As Jones notes, such an order can be amended once the Court rules on her motion for attorney fees, costs, and interests.  Id.  The parties are thus in agreement that the Court may presently enter an order of judgment solely reflecting the damages awarded by the jury's verdict.

Accordingly, Jones's motion for entry of order of judgment is granted to the extent that she seeks entry of an order of judgment reflecting the jury's verdict; but it is denied as premature to the extent that she requests that the order of judgment include Jones's requested attorney fees, costs, and interests.  The order of judgment will be issued by separate entry and will administratively close the case, except as stated below.

The Court retains jurisdiction to resolve Jones's motion for attorney fees, costs, and interest.  See Twarozynski v. Meijer, Inc., Nos. 87-1318, 87-1333 & 87-1334, 1988 WL 18146, at *3 (6th Cir. Mar. 3, 1988) ("After entry of final judgment a district court does not lose jurisdiction to assess attorney fees, costs, and sanctions until passage of a reasonable period of time or until the expiration of any period prescribed by local court rule.") (citing In re Rubin, 825 F.2d 977, 981–983 (6th Cir.1987); White v. New Hampshire Dep't of Emp. Sec., 455 U.S. 445, 454 n.16 (1982)).  Jurisdiction is also retained to address such appropriate post-judgment motions that the parties may wish to file.

SO ORDERED.

Dated:  May 25, 2021  
    Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge